**Gurmej SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71795.
Agency No. A78–046–440.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2004.*

Decided Feb. 10, 2005.

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Ann Carroll Varnon, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM**

Gurmej Singh, a native and citizen of India, petitions for review of a final order

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of removal issued by the Board of Immigration Appeals (BIA), affirming the Immigration Judge's (IJ) denial of Singh's requests for asylum, withholding of removal, and Convention Against Torture relief. We deny the petition.

The IJ denied relief because he determined Singh's testimony was not credible. Because the BIA summarily affirmed, we review the IJ's opinion as the final agency decision. *See Mansour v. Ashcroft,* 390 F.3d 667, 671 (9th Cir.2004). The IJ's adverse credibility determination is reviewed for substantial evidence. *Shire v. Ashcroft,* 388 F.3d 1288, 1295 (9th Cir. 2004). We may reverse "only if the evidence presented was so compelling that no reasonable factfinder could find that the petitioner was not credible." *Id.*

■ We conclude that substantial evidence supports the IJ's adverse credibility determination. Singh's failure to describe accurately the basic tenets of his religion and to demonstrate adherence to those tenets undermines his claim of religious persecution. *See Mejia–Paiz v. INS,* 111 F.3d 720, 723–24 (9th Cir.1997). Similarly, Singh's lack of knowledge of his alleged political beliefs supports an adverse credibility finding on his claim of political persecution. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). These "inconsistencies ... go to the heart of petitioner's claim" and constitute "specific, cogent reasons to support [the IJ's] determination." *Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004) (internal quotation omitted).

■ Finally, we reject Singh's contention that the IJ erred by relying on a State Department report warning that individuals posing as Sikhs are entering the United States and falsely claiming abuse by Indian authorities. This is not an instance when the IJ relied exclusively on a gener-

alized State Department report to deem a petitioner not credible. *See Shah v. INS,* 220 F.3d 1062, 1069 (9th Cir.2000). Rather, the IJ here conducted "an individualized analysis, citing several specific reasons for [a] negative credibility finding." *See Chebchoub v. INS,* 257 F.3d 1038, 1044 (9th Cir.2001).

■ Singh failed to establish his eligibility for asylum and therefore also failed to meet the more stringent requirements for withholding of removal. *See Al–Saher v. INS,* 268 F.3d 1143, 1146 (9th Cir.2001). Singh's request for relief under the Convention Against Torture is not, however, automatically precluded by his failure to establish his eligibility for asylum. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Nonetheless, the IJ denied Convention relief because Singh "was not a credible witness." In such instances, and in the absence of other credible evidence, Convention relief may be denied. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**